### John C. McKean v. I. A. & G. W. Paschal.

Where the parties agreed that the jury might return their verdict to the Clerk during recess, and they returned a defective verdict and dispersed, and afterwards the Court called them together and caused them to supply the defect, it was held there was no error.

Error from Caldwell.    The suit was on an account.

*J. Ireland,* for plaintiff in error, cited Oliver v. The First Prest. Ch. 5 Cow. R. 283; Lawrence v. Stevens, 11 Pick. R. 501; Walters v. Jenkens, 16 Serg. & R. 414; Little v. Larrabee, 2 Greenl. R. 37; 7 Cow. R. 29; 13 Sm. & M. 269.

*I. A. & G. W. Paschal,* for defendants in error.    The general verdict was sufficient to authorize the Court to render a judgment for the amount claimed in the petition. (Smith v. Johnson, 8 Tex. R. 418; Parker v. Leman, 10 Id. 116; Horton v. Reynolds, 8 Id. 284; Wells v. Barnett, 7 Id. 584;

Avery v. Avery, 12 Id. 54; James v. Wilson, 7 Id. 230 ; Burton v. Bondies, 2 Id. 203 ; Burton v. Anderson, 1 Id. 93.)

The question was merely one of practice, which did not prejudice the rights of the defendant ; and it was the right and duty of the Court to exercise all the discretion necessary to the attainment of justice. (Hampton v. Dean, 4 Tex. R. 455.) And it is the province of the Court to correct all mere clerical errors and omissions in matter of form. (Burdett v. Marshall.)

There is no power in this Court to control the exercise of a proper discretion in practice. (Borden *et al.* v. Houston, 2 Tex. R. 594; Turner v. Lambeth, 2 Id. 365 ; Pridgen v. Hill, 12 Id. 374.)

The appeal was taken for delay.

LIPSCOMB, J. The only point presented for our consideration, by the appellant, is, as to the sufficiency of the verdict, under the circumstances it was returned by the jury.

After the case was submitted, the Court being about to take a recess for dinner, it was agreed by the parties, that the jury should return their verdict to the Clerk during the recess of the Court. The jury returned their verdict, but it was defective, it only being, "We find for the plaintiff," and then dispersed and went to dinner. After the recess, they were called together by the Court, at the instance of the plaintiff below, and the case again submitted to them, and they returned a verdict for the plaintiff, for a specific amount. There is no pretence of any misconduct on the part of the jury, nor improper influence used to procure the correction of the verdict. We therefore believe there is no sufficient ground for reversing the judgment, and it is affirmed.

Judgment affirmed.