## C. B. CARTER v. THE STATE.

1. APPEAL OR WRIT OF ERROR does not lie from judgments rendered for contempts of court — as, for instance, for a fine adjudged against a defaulting juror.

2. SCIRE FACIAS in such cases is a criminal proceeding, and should correctly state the court in which the judgment *nisi* was rendered. A judgment in such a proceeding rendered by a county court at its civil term is *coram non judice* and void, but is not revisable on appeal or writ of error.

ERROR from the County Court of Erath. Tried below before the Hon. W. KENNEDY, County Judge.

The opinion states the case.

*Nugent & Neill*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WHITE, J. The assistant attorney-general moves to dismiss the writ of error in this case, because a writ of error does not lie from, nor can this court revise by appeal or error, a judgment rendered for a contempt of court.

A judgment *nisi* was rendered against this plaintiff in error, as a defaulting juror, in the sum of $25, in the County Court for criminal business. The case was then transferred to the *civil docket* for trial, and *scire facias* issued, reciting that the judgment *nisi* was rendered by the District Court, but citing him to appear at the next term of the County Court, and show cause why it should not be made final. Having failed to appear, the County Court, at its January term, 1877, for civil business, rendered a final judgment. It is from this judgment that the writ of error is sued out and attempted to be prosecuted here.

We are of opinion that the proceedings in the court below subsequent to the judgment *nisi* are erroneous, because (1) the *scire facias* did not properly describe the judgment *nisi*, or, rather, the court in which it was rendered; and (2) because the *scire facias* is a criminal action, and not a civil one, and the case should not have been transferred from the criminal to the civil docket of the County Court; and (3) because the *scire facias* being a criminal case, a judgment final rendered upon it during or at a civil term would be *coram non judice* and void. See *Cassaday v. The State*, *ante*, p. 96.

But whilst this is true, this court has no jurisdiction to revise or correct these errors on writ of error, or appeal, in a contempt case.

The law with regard to the power of courts over defaulting jurors is that "a juror legally summoned, failing to attend without a reasonable excuse, may, by order of the court entered on the record, be fined in any sum not less than ten nor more than one hundred dollars." Gen. Laws Fifteenth Legislature, 80, sec. 10.

Our Code of Criminal Procedure provides for the only cases not tried upon indictment or information which may be appealed, as follows:

"An appeal may be taken, either by the State or defendant, from every final judgment rendered upon a recognizance, bail-bond, or bond for the prevention or suppression of offenses; and the proceedings in such cases shall be regulated by the same rules which are prescribed in civil suits, except that no security shall be required of the State." Pasc. Dig., art. 3203. (Under our present Constitution the State is expressly deprived of the right of appeal in criminal cases. Const., art. 5, sec. 26.)

"Judgment final in the cases mentioned in the preceding article may also be taken to the Supreme Court (Court of Appeals) by writ of error as in civil suits, except that the

defendant shall, in all cases, be required to give bond to comply with the judgment or order of the Supreme Court (Court of Appeals).'' Pasc. Dig., art. 3204.

The case we are considering comes within none of the class of cases named. '' Where a person who is summoned to serve as a juror, whether upon a *venire* issued or as a talesman, fails to appear and serve, he is, *prima facie*, in contempt of court; for fines are imposed upon defaulting jurors because they contemn or disobey the mandate of the law. * * * Appeals do not lie in cases of contempt.'' *Crow* v. *The State*, 25 Texas, 12; *Kilgore*, Ex parte, 3 Texas Ct. App. 247.

Although, as stated above, there appears to us to be error in the judgment below, because the party is not entitled to relief by means of a writ of error, the motion of the assistant attorney-general will be sustained, and this writ of error must be dismissed; and it is ordered accordingly.

*Writ of error dismissed.*