SCOTT v. RIDDLE.

(Court of Civil Appeals of Texas. Dallas. Jan. 18, 1913.)

1. TRIAL (§ 260*)—REQUESTS—INSTRUCTIONS OTHERWISE GIVEN.

A requested instruction that if defendant was driving his automobile with reasonable care, and tried to avoid the accident, verdict should be for defendant, was properly refused, where covered fully by other charges given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

2. TRIAL (§ 329*)—VERDICT—DEFINITENESS AND RESPONSIVENESS.

A verdict that "we find that plaintiff is entitled to $50 and his wife to $1,150" is not indefinite, and is responsive to the issues in the complaint, wherein plaintiff claimed damages for his own personal injuries, and for injuries to his wife and his buggy, and in the charge, where they were told to assess the damages for injuries to plaintiff and the buggy, and for loss of wife's services, etc., in one item, and the damages for injury to the person of his wife in another.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 774–776, 782; Dec. Dig. § 329.*]

Error to District Court, Dallas County; E. B. Muse, Judge.

Action by W. A. Riddle against J. W. Scott. Judgment for plaintiff, and defendant brings error. Affirmed.

Samuell & Adams and Meador & Davis, all of Dallas, for plaintiff in error. Chas. F. Clint, of Dallas, for defendant in error.

TALBOT, J. This suit was brought by the appellee to recover damages for personal injuries inflicted upon himself, wife and child, and injury done to his buggy through the negligence of appellant. The petition alleges, in substance, that on or about the 17th day of September, 1910, the plaintiff and his wife and child were driving in an easterly direction along East Side avenue, a street in the city of Dallas, Tex., in a buggy, when the defendant, Scott, who was operating an automobile along and over said street in a westerly direction, negligently ran said automobile against and into the buggy, in which plaintiff and his wife and child were riding with such force and violence that said buggy was badly broken, and plaintiff and his wife thrown with great force upon the pavement and sidewalk, thereby seriously and permanently injuring plaintiff's wife, and also injuring plaintiff and his child; the nature of such injuries being fully and specifically set out. Defendant answered by general demurrer, general denial, and by special answer, setting up that he was using due care in operating his automobile; that without his knowledge, and without any warning to him, said machine became uncontrollable and ran across the street with him and into and against the buggy of the plaintiff; that he used all means within his power to stop, divert, or turn the machine from its course, but without effect until it collided with plaintiff and his buggy. The plaintiff prayed for actual damages on account of the injuries to himself in the sum of $500, on account of the injuries to his wife in the sum of $5,000, and for the damage to his buggy, $14. No amount was asked for injury to the child. The case was tried before the court and a jury, the trial resulting in a verdict and judgment in favor of the plaintiff for the sum of $1,200, and the defendant appealed.

[1] The first assignment of error complains of the court's refusal to give special

charge No. 2, requested by the defendant, which is as follows: "You are instructed that if you find and believe from the evidence that the defendant, in operating and running his automobile along East Side avenue on the night of September 17, 1910, in the manner in which he did operate it, was using reasonable care—that is, such care as a man of ordinary prudence would use under like circumstances—and that when said automobile turned across East Side avenue and started towards the buggy in which were seated the plaintiff, his wife and child, the defendant tried to avoid the accident from the time he saw the danger in which the plaintiff, his wife and child, were placed, you will find for the defendant." There was no error in refusing this charge, for the reason that the same, in so far as it states a correct proposition of law applicable to the facts, was fully covered by the court's general charge and special charges given at the request of the defendant. Ordinary care was correctly defined in the general charge, and the jury instructed that it was the duty of plaintiff and defendant to use such care in driving their respective vehicles along the streets of Dallas. The jury were also instructed, in the fourth paragraph of the court's general charge, as follows: "If you find from the evidence that on or about September 17, 1910, in the city and county of Dallas, state of Texas, the defendant was operating an automobile on East Side avenue, and while so operating said machine did run into a buggy driven by the plaintiff, and that there were with the plaintiff in said buggy his wife and child, and that the plaintiff was then and there exercising ordinary care in driving his buggy, and that said auto did then and there, so operated by the defendant, cause injuries to the persons of plaintiff and his wife, and his buggy, as alleged in his petition, and that the defendant at the time was not exercising ordinary care, as the same has hereinbefore been explained to you, in operating said automobile, and that because he so failed to exercise ordinary care the injuries complained of by plaintiff were inflicted upon his person and that of his wife, and his buggy, then and in that event the defendant would be liable to plaintiff for damages; and in such event you will find for the plaintiff damages in such sum as the evidence discloses he may be entitled to." They were further instructed, at the request of the defendant, that if the said collision was brought about by reason of the steering wheel or gear of defendant's automobile becoming choked in such manner that defendant could not steer the same to the right and away from plaintiff's buggy, and should further find that defendant did not know of the condition of his steering wheel in time to avoid the collision, and could not have known of such condition by the exercise of ordinary care on his part, and that

when he discovered the condition of the steering wheel he used every possible means within his power to avoid the collision, and that defendant, at the time of the collision and immediately theretofore, was operating his automobile with ordinary care, then and in that event to find for the defendant.

Again, the jury were charged, at defendant's request, that, "if the said parties were using ordinary care in handling and operating their vehicles of conveyance, and while so acting an unavoidable accident happened, in which the plaintiff, his wife and child, were injured, if they were, and that the defendant by the use of ordinary care could not have avoided it, then and in that event you will find for the defendant." In view of these instructions the defendant could have suffered no injury by the refusal of the special charge in question, and the assignment under consideration will be overruled.

Nor did the court err in refusing to give defendant's special charge reading thus: "You are instructed that the plaintiff has failed to make out his case by a preponderance of the evidence, and you will therefore return a verdict for the defendant, J. W. Scott." The evidence was not only amply sufficient to warrant the conclusion that the collision between the plaintiff's buggy and the automobile driven by the defendant was due to the negligence of the defendant, but, contrary to the view of the defendant, as expressed in the special charge we are considering, by the great preponderance thereof established that fact.

[2] The third and last assignment of error asserts that the verdict of the jury is indefinite and confusing, not responsive to the issues made by the pleadings and evidence and embodied in the court's charge to the jury, and should be set aside. The verdict is as follows: "We, the jury, find that plaintiff, Mr. W. A. Riddle, is entitled to $50, and his wife, Mrs. W. A. Riddle, is entitled to $1,150. H. W. Ruhmann, Foreman." We think this verdict sufficiently responds to and disposes of the issues made by the pleadings and evidence, and submitted in the charge of the court, as to form a proper basis for the judgment rendered upon it. The petition itemizes the damages claimed, alleging, in effect, that by reason of the injuries received by plaintiff himself he had sustained damages in the sum of $500; that by reason of the injuries inflicted upon his wife he had sustained damages in the sum of $5,000; and that by reason of the injury to his buggy he had been damaged in the sum of $14. The charge, after submitting the issues involved, instructs the jury as follows: "If you find for the plaintiff, you will so say by your verdict and state the amount of damages awarded him in person, and for injury to his buggy and loss of his wife's services, and for medicine and medicinal services, if any, in one item, and for injuries

inflicted upon the person of his wife, if any, in another item." Now, while the verdict does not so declare in terms, yet the reasonable and fair construction of it, as may be gathered from the language used, is that the jury found for plaintiff on account of bodily injuries received by him, and on account of injury to his buggy and loss of his wife's services, etc., $50, and for him on account of injuries received by his wife, $1,150, aggregating the sum of $1,200, for which the judgment was rendered. It has been well said by the Supreme Court of this state that if a verdict expresses the findings of the jury upon the issues and facts its form will be immaterial. It has also been said that "a verdict should be liberally construed, so that it will stand rather than fall." The intention and findings of the jury are so manifest from the language of their verdict, and the verdict so fully disposes of the issues submitted to them in the court's charge, that it would, in our opinion, be clearly wrong to reverse this case on account of the informality of the verdict.

Finding no reversible error in the record, the judgment of the court below is affirmed.