KANSAS CITY, M. & O. RY. CO. OF TEXAS et al. v. TREADWELL & WILKISON.

(Court of Civil Appeals of Texas. Austin. Feb. 4, 1914. Rehearing Denied March 18, 1914.)

1. TRIAL (§ 333*)—VERDICT—SURPLUSAGE.

Where, in an action against three railroad companies, the court told the jury, if they found for plaintiffs, to apportion the damages between the defendants, but to return a joint verdict against two of them, if they were found to be partners and acting jointly, and the jury returned a verdict against such two companies for a specified amount, and against the third company for a specified amount, the verdict was not vitiated or rendered ambiguous, though it stated the total amount to be less than the sum of the amounts found against the different defendants.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 784, 786; Dec. Dig. § 333.*]

2. TRIAL (§ 339*)—VERDICT—AMENDMENT OR CORRECTION.

Where the jury found for plaintiff for $6,800, and also found against two of the defendants jointly for $6,404.28, and against the third defendant for $1,280.85, the court did not err in recalling the jurors after they had been discharged and left the courtroom, but while they were still in the building, in directing them to correct their verdict, and in receiving the corrected verdict stating the whole amount as the sum of the amounts awarded against the different defendants.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 791–794; Dec. Dig. § 339.*]

3. TRIAL (§ 240*)—INSTRUCTIONS—ARGUMENTATIVE INSTRUCTIONS.

An instruction so framed as to present a question in an argumentative manner was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 561; Dec. Dig. § 240.*]

4. TRIAL (§ 193*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In an action against carriers for negligence in transporting a shipment of cattle, an instruction which might have conveyed the impression that the court did not believe the evidence justified a finding that defendants were negligent was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 436–438; Dec. Dig. § 193.*]

5. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR—INSTRUCTIONS.

In an action for negligence in transporting a shipment of cattle, the refusal of an instruction that a carrier was not responsible for natural and unavoidable damage, if it exercised ordinary care in handling and transporting the cattle in a reasonable time and without unnecessary or unusual rough handling or treatment, was not reversible error, conceding that it might properly have been given, since the jury, by finding for plaintiff, necessarily found that the carrier did not exercise ordinary care in handling and transporting the cattle within a reasonable time, and that there was unnecessary or unusual rough handling or treatment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

Error to District Court, Tom Green County; J. W. Timmins, Judge.

Action by Treadwell & Wilkison against the Kansas City, Mexico & Orient Railway Company of Texas, the Kansas City, Mexico & Orient Railway Company, and another. Judgment for plaintiffs, and the defendants named bring error. Affirmed.

H. S. Garrett and Blanks, Collins & Jackson, all of San Angelo, for plaintiffs in error. Hill, Lee & Hill, of San Angelo, for defendants in error.

KEY, C. J. The following statement of the nature and result of this suit is copied from the brief of plaintiffs in error:

"On April 7, 1911, Treadwell & Wilkison sued the Kansas City, Mexico & Orient Railway Company of Texas, the Kansas City, Mexico & Orient Railway Company, plaintiffs in error, and the Missouri Pacific Railway Company, as partners, for $10,765, alleged damages to 1,689 head of cattle while being transported by the defendants in three shipments from Sweetwater, Tex., to Toronto, Kan.; the gravaman of the complaint being that the defendants had failed to exercise ordinary care in the transportation and care of said cattle, and, as a result of such failure, 197 head of them died, and the others were badly injured.

"For answer, the plaintiffs in error, hereinafter designated as the Orient of Texas and the Orient of Kansas, interposed a general denial, a verified denial of partnership, and a special answer, asserting that the cattle in question had been handled by them under written contracts with the plaintiffs, wherein it was expressly provided that the cattle were not to be delivered within any specified time, that they were to be fed, watered, and cared for by the owners, and that no carrier was to be held responsible for any damages, except such as occurred on its own line; that the injuries to the cattle were not occasioned by any lack of care on their part, but were the direct and proximate result of the inherent poverty and weakness of said cattle; that at the time they were tendered to the Orient of Texas for shipment they were too poor, thin, and weak for the contemplated transportation; that for several months prior to their shipment they had been confined in pastures affording insufficient feed and water, and were so weak and impoverished as to be physically unfit for shipment, all of which was well known to the plaintiffs; and that the losses and injuries suffered by said cattle were the result

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

of the negligence of the plaintiffs in shipping them in such weak and impoverished condition.

"In replication, the plaintiffs alleged that they had complied with all written agreements, and expressly denied all allegations tending to establish the defenses interposed by the Orients.

"In their supplemental answer the Orients alleged that the cattle were delivered to them by a connecting carrier, the Texas & Pacific Railway Company, and that under the law they were required to accept the same, although it was apparent at the time that the cattle were unfit for shipment, being too thin and impoverished to stand a journey aboard the cars from Sweetwater, Tex., to Toronto, Kan.

"The answer of the Missouri Pacific consisted of a general denial and other special defenses, not material here, for the reason that such company has not appealed, and no issues are to be determined as between it and any other party to this record.

"The case was submitted to the jury, and resulted in two verdicts; the first one reading as follows: 'We, the jury, find for the plaintiff in the sum of $6,800 actual damages, with 8 per cent. interest from date proportioned as follows: Against the K. C., M. & O. Ry. Co. and the K. C., M. & O. Ry. Co. of Texas, jointly, in the sum of $6,404.28, including 6 per cent. interest up to date, and against the Missouri Pacific Ry. Co. in the sum of $1,280.85, including 6 per cent. interest up to date. J. T. Garrett, Foreman.'

"There being some discrepancies in the verdict, just after the jury had been discharged, it was recalled by the court and sent out to correct the verdict, thereafter returning into court the following verdict: 'We, the jury, find for the plaintiff in the sum of $7,685.13, proportioned as follows: Against K. C., M. & O. Ry. Co. and the K. C., M. & O. Ry. Co. of Texas, "jointly," in the sum of $6,404.28, including 6 per cent. interest from April 20, 1910, to June 21, 1912, and against the Missouri Pacific Ry. Co. in the sum of $1,280.85, including 6 per cent. interest from April 20, 1910, to June 21, 1912. [Signed] J. T. Garrett, Foreman.'

"The exceptions of the Orients to these proceedings appear in their first bill of exceptions. Judgment was entered on the verdict June 17, 1912, awarding the plaintiffs $6,404.28, including interest from date at 6 per cent. per annum against the Orients jointly and severally, and $1,280.85, with interest from date at 6 per cent. per annum against the Missouri Pacific Railway Company. Judgment was also entered overruling all demurrers. Thereafter the Orients filed their amended motion for new trial, which, having been considered by the court, was overruled, notice of appeal noted, and the Orients allowed 90 days after the adjournment of court within which to prepare and file the statement of facts and bills of exceptions. The duplicate statements of facts were filed on the 11th day of September, 1912, as were the bills of exceptions.

"On May 12, 1913, the Orients filed application for a writ of error. The defendants in error expressly waived the issuance of citation in error, and agreed to appear in the Court of Civil Appeals in answer to the writ. Contemporaneously with the filing of the petition for writ of error, a writ of error bond was filed by the Orients and approved by the clerk. Assignments of error were filed before the transcript was taken out of the trial court."

We deem it proper to add that no assignment has been presented complaining of the verdict of the jury as not being sustained by the testimony, and we therefore assume and find that the defendants in the court below against whom judgment was rendered were guilty of negligence as charged in the plaintiffs' petition, and that, as a proximate result thereof, plaintiffs' cattle were damaged and injured to the full amount awarded by the verdict.

## Opinion.

[1, 2] The first and second assignments of error complain of the action of the trial court in receiving and entering judgment upon the first verdict; while the third assignment complains of the court's action in reassembling the jury and permitting the second verdict to be rendered, and basing the judgment upon that verdict. We overrule those assignments, and hold that no error was committed in that respect. The charge of the court instructed the jury, that, if they found in favor of the plaintiffs, to apportion the amount so found between the defendants, assessing against each only the damages, if any, that the evidence showed occurred on their respective lines, but authorizing a joint verdict against the two Orient railways, if they were found to be partners and acting jointly in the transportation of the cattle. The first verdict was against the two defendants who are now complaining, who were found liable, as partners, for $6.404.28, and against the other defendant, who has not appealed, for $1,280.85. These findings were certain and specific, and, while they exceeded the total amount stated in the preceding part of the first verdict, we do not think that fact created such an ambiguity as would vitiate the verdict. The charge of the court did not require the jury to add the several amounts awarded to the plaintiffs and state the total, and therefore the fact that the jury undertook to do so, and committed an error in addition, would not perhaps render the verdict too uncertain. In other words, it would seem that the effort of the jury to state the total amount of damages could be disregarded and treated as surplusage. "If the verdict finds the issue and something more, the latter part of the finding will be rejected as surplusage, and judgment rendered independently of the unnecessary

matter, there being nothing to show that the jury reasoned falsely." 38 Cyc. 1890. See, also, Cook v. Garza, 9 Tex. 360; Hamilton v. Rice, 15 Tex. 385; Howard v. Kopperl, 74 Tex. 501, 5 S. W. 627; Gaines v. Bank, 64 Tex. 18; Railway v. Henderson, 73 S. W. 36; Scott v. Riddle, 153 S. W. 408. But, however that may be, we think the trial court had the power and discretion to reassemble the jury and have the verdict corrected under the circumstances and in the manner disclosed by the record. The only difference between the two verdicts is that the second one gives the aggregate amount of the damages awarded correctly, while the first one did not; and, in allowing the bill of exceptions in reference thereto, the trial court made this statement and explanation: "When the jury came in and announced that they had reached a verdict, the court received it from the foreman and handed it to the clerk, who read the same aloud, and thereupon the court stated to the jury that they were discharged for the term, except as to any special venires upon which they may have been drawn. The members of the jury then retired from the courtroom, and immediately after they had left the room the question of the insufficiency of the verdict was suggested; whereupon plaintiffs' attorneys requested that the jury be recalled to correct the verdict. The court then directed the sheriff to have the members of the jury return to the courtroom; the clerk having stated to the court that they were downstairs in his office waiting for his deputy to issue them their scrips for the week's service. The sheriff left the courtroom, and in a few minutes returned with all the members of the jury, stating that they were all in the clerk's office, except one, whom he caught just as he left the courthouse, the time from the discharge of the jury and the return with the sheriff, as aforesaid, being about ten minutes. After the jury were brought into the courtroom, the court instructed them to retire and correct their verdict, when the objections were made and exceptions taken by the attorneys for the defendant, as shown by the stenographer's report thereon inclosed in quotation marks in the foregoing bill, and likewise, when the jury returned into the court with their verdict a second time, the objections were made and exception taken by the defendants' attorneys as shown by the stenographic report thereof inclosed in quotation marks in the foregoing bill."

Treating the statement of the aggregate amount of damages awarded as immaterial, there was really no difference between the two verdicts; and we hold that the trial court committed no error in requiring the jury to be reassembled and make the correction referred to. McKean v. Paschal, 15 Tex. 37; Thomae v. Zushlag, 25 Tex. Supp. 226; Howard v. Kopperl, supra; Sigal v. Miller, 25 S. W. 1012. In presenting the questions relating to the verdict, counsel for the complaining litigants quote extensively, and seem to lay stress upon, the first opinion of this court in the case of S. A. & A. P. Ry. Co. v. Bolwes, 30 S. W. 90, and ignore the fact that, on motion for rehearing, this court very materially modified its ruling in that regard, as shown in its second opinion (30 S. W. 727).

The fourth assignment complains of a ruling admitting certain testimony; and, without discussing the question, we hold that no error was committed in that respect.

The fifth assignment challenges the correctness of a certain paragraph of the court's charge, which paragraph, when construed in connection with other paragraphs, is not subject to the criticism urged.

The sixth assignment complains of that portion of the charge which submitted to the jury the question as to whether or not the two Orient defendants were partners and jointly interested in the transportation of the cattle, and in authorizing the jury, if they found such partnership arrangements, to return a joint verdict against those defendants, for the reason that there was no testimony sufficient to authorize the submission of that issue to the jury. We overrule that assignment, and hold that the testimony was amply sufficient to justify the action of the court in that regard.

[3, 4] The requested instruction, the refusal of which is made the subject of the seventh assignment of error, was so framed as that the giving of it would have presented the question therein referred to in an argumentative manner, and, if given, might have conveyed to the jury the impression that the court did not believe that the evidence would justify a finding that the defendants were guilty of negligence, and, for that reason, that instruction was properly refused.

[5] By the eighth assignment complaint is made because the court refused to give the following instruction requested by the complaining litigants: "A carrier in transporting cattle over its line is not responsible for the natural and unavoidable damage suffered by such cattle as a result of being transported for such a distance as said cattle have been transported, provided such carrier exercises ordinary care in the handling and transporting of said cattle, within a reasonable time, and without any unnecessary or unusual rough handling or treatment."

Counsel for plaintiffs in error contend that this charge should have been given, because the main charge omitted to direct the jury's attention to the fact that carriers are not responsible for the natural and unavoidable injury suffered by cattle as a result of railroad transportation. Opposing counsel contend that that question was not presented by the pleadings. We deem it unnecessary to decide whether or not the defense referred to could be urged under a general denial, or whether or not that defense was specially

pleaded. If it be conceded that the charge in question might properly have been given, still we hold that the failure to give it constitutes no ground for reversing the judgment. By the very terms of the refused instruction, in order for the jury to have given the defendants in the court below any benefit under that charge, it would have been necessary, as required by its terms, for them to find that the defendants had exercised ordinary care in handling and transporting the cattle within reasonable time, and that there had been no unnecessary or unusual rough handling or treatment. Now, if the jury had found all of those facts, then they would necessarily have found that the defendants were not guilty of any of the wrongful conduct and negligence charged by the plaintiffs, and, under the charge of the court, would have returned a verdict for the defendants. Therefore, as the jury necessarily found, in arriving at the verdict which they returned, that the defendants had not done the very things which the requested instruction required them to find had been done in order for tnat instruction to be of any benefit to the defendants, the refusal to give it does not constitute reversible error.

There are some other assignments which complain of the refusal of other requested instructions, which assignments have been considered and are, without discussion, overruled.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.