## HUGHES–BUIE CO. v. VASQUEZ.
### (No. 828.)

(Court of Civil Appeals of Texas. El Paso. March 28, 1918. Rehearing Denied April 18, 1918.)

TRIAL ☞339(4) — VERDICT — REASSEMBLING JURY.

The authority to reassemble a jury for the correction of informal and defective verdicts is very limited under Rev. St. arts. 1980, 1981, and does not permit reassembling after separation of four days and allowing it to reverse its findings upon vital issues of fact.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by Martin Vasquez against the Hughes-Buie Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

S. P. Weisiger, of El Paso, for appellant. J. E. Quaid and Coldwell & Sweeney, all of El Paso, for appellee.

### Statement of Case.

HIGGINS, J. Appellee brought this suit to recover damages sustained through personal injury. The case was submitted to a jury upon 24 special issues. The record discloses the following:

The case was submitted to the jury on Saturday, May 19, 1917, and at 6 p. m. upon said date the jury returned into open court its answers to the issues submitted. The court inquired of the jury if it had rendered a verdict, and was advised by the foreman that it had. The court ordered the clerk to read the verdict. The clerk thereupon received the verdict from the foreman and in open court read the same aloud and inquired if same was its verdict, and the jury assented. Counsel for the parties was not then present. The court then stated to the jury that they would be excused from further consideration of this case unless it should appear that their verdict was inconsistent. The court did not state to the jury it was discharged, but did state to the jury that they would be excused from further consideration of the case unless it should appear that the answers returned were inconsistent, and that the jury need not return unless called back. No notation or minute was entered on the docket that the verdict had been received or a verdict returned; that said jury then left the courtroom and dispersed; that the clerk then asked the court what he should do with the verdict, to which the court replied, "File it." And the clerk thereupon, in obedience to said order of the court, then indorsed the file mark on the verdict, although the court states in open court that in so instructing the clerk to file the verdict it was not the intention of the court to thereby accept said verdict, but only to preserve the answers so returned by the jury among the papers of the case.

On May 23, 1917, the court reassembled the jury and instructed them that the answers theretofore returned were in some cases contradictory and inconsistent, and to therefore retire, consider the questions propounded, and return their answers. The jury thereupon retired and returned another verdict. This second verdict completely reverses the findings made in the first verdict upon seven issues vital to the plaintiff's case. Upon the findings first made to these issues, a judgment for plaintiff could not be rendered. The defendant objected to the reassembling of the jury and resubmission of the questions to it.

Upon this last verdict judgment was rendered in favor of plaintiff, and the defendant appeals. It is admitted by both sides that the answers returned on May 19th were inconsistent and contradictory.

### Opinion.

In some instances, trial courts have authority to reassemble a jury for the correction of informal and defective verdicts and verdicts not responsive to the issues submitted. Articles 1980, 1981, R. S. But this authority is very limited. Certainly it does not go to the extent of permitting a jury to be reassembled after separating for four days and allowing it to completely reverse its findings upon vital issues of fact.

The verdict returned on May 19th was in no wise informal. The answers to the seven questions upon which the findings were reversed were in no wise defective. They were responsive. This second verdict upon the facts stated cannot be permitted to form the basis of a judgment against appellant. The reasons are well stated in Salinas v. Stillman, 25 Tex. 12. See, also, Railway Co. v. Giersa, 50 S. W. 1039.

The fourth assignment is without merit, there being nothing to show that the Southwestern Surety Company, of Denison, Okl., was authorized to write workmen's compensation insurance in this state.

Reversed and remanded.