11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Archer Daniels Midland Company

Appellant

Vs.                   No.
11-01-00143-CV B Appeal from Nolan County

Gerald Bohall and Maritha Bohall

Appellees

 

This is an
appeal from a judgment based upon a purported jury verdict in which the jury
awarded damages in favor of Gerald Bohall and Maritha Bohall and against Archer
Daniels Midland Company in a wrongful death case.  We reverse and remand.

Steve
Mahaffey Construction Inc. (Mahaffey) entered into a contract with Archer
Daniels Midland Company (ADM) under which Mahaffey=s employees performed certain services for
ADM at ADM=s Southern Cotton Oil Division in
Sweetwater.  The nature of the contract
was such that Mahaffey kept some employees on regular duty at ADM=s premises. 
One such employee was Loyd Bohall, the decedent.  On the date of the accident in this case,
the decedent and another of Mahaffey=s employees were inspecting for leaks in storage bins on the
property.  In the process of looking for
the leaks, the decedent fell through a roof to the floor some 30 feet below and
later died as a result of injuries suffered in the fall. 

Appellees,
Gerald Bohall and Maritha Bohall, were the decedent=s parents. 
Misty Bohall and Gina Bohall Cox were daughters of the decedent.  Carmella Bohall Ellis was the wife of the
decedent at the time of the accident. 
All of these parties, as well as the decedent=s estate, were plaintiffs in a wrongful death
lawsuit against ADM.  ADM reached a
settlement with Misty Bohall, Gina Bohall Cox, and Carmella Bohall Ellis.  Appellees= claims proceeded to trial before a jury beginning in December
2000.  At the time of trial, the
settling parties had neither dismissed nor nonsuited their claims.  Furthermore, the trial court had not entered
any judgment in connection with the settling parties.  It was not until March 9, 2001, that Carmella Bohall Ellis=s claims were dismissed.  The trial court dismissed the claims of
Misty Bohall and Gina Bohall Cox on March 28, 2001.  








At the
conclusion of trial, the trial court submitted its charge to the jury.  In response to Question No. 1, 11 members of
the jury found that the decedent was not acting as a borrowed employee of ADM.  Only 11 members of the jury agreed to and
signed the verdict.  The following was
submitted to the jury as the second question:

Did Archer
Daniels Midland Company exercise or retain some control over the manner in
which Loyd Bohall performed his work, other than the right to order the work to
start or stop or to inspect progress or receive reports, on February 28, 1997?

 

The jury
answered ANo@ to Question No. 2.  The trial
court, in its written charge, erroneously instructed the jury not to answer
Question No. 3 (the question which addressed the negligence and proximate cause
issues) if it had answered Question No. 2 AYes.@ 
Because the jury had answered ANo@ to Question No. 2 (i.e. that ADM did not
retain control over the manner in which the decedent performed his work), in
accordance with the trial court=s instructions, the jury then answered the remaining questions
contained in the charge.  The jury found
that the negligence of the decedent and ADM each proximately caused 50 percent
of the occurrence or injuries.  The jury
also found damages for each appellee in the amount of $300,000.

When the
jury returned its verdict, the trial court read aloud the answers of the
jury.  After it had read the answers of
the jury, the trial court asked:  ADo I have a Motion that the verdict be
received?@ 
Counsel for ADM responded:  AWe move that the verdict be received, Your
Honor.@  The
trial court replied:  AOkay@; and, after a short discussion regarding the lack of desire of any
party to poll the jury, the trial court instructed the jury, in relevant part,
as follows:

Ladies and
Gentlemen, at this time you have completed your duty as a Jury in this
case.  On behalf of the parties here, I
do appreciate your time, your patience with us, and your attention throughout
this matter, and your diligent service here this afternoon in your
deliberations. 

 








Up until
this time you have been under very strict rules about your conduct, who you may
talk to and not talk to, what you may talk about, and so on and so forth.  You are now released from all of those
rules.  You are free to discuss this
matter with anyone whomsoever.  It is
not improper for either side to wish to talk to you, to ask you questions, even
to the point of asking you for an affidavit. 
You are free to do so. 
Conversely, you are free to decline. You don=t have to talk about these matters with
anyone whomsoever.  If anyoneBI don=t think it will even happenBpersist and become a problem to you, inform the Court as soon as
possible and we will address any problems there are.  And, hopefully, I don=t think there will be, but again, this does conclude your Jury
service.  I do thank you for your time,
attention, and your patience, and you are excused.  

 

After the
trial court made that statement to the jury, appellees pointed out, for the
first time, that the condition prior to Question No. 3 was erroneous.  Appellees informed the trial court that,
rather than conditioning Question No. 3 upon a ANo@ answer to Question No. 2, the condition
should have informed the jury to answer Question No. 3 only if it had answered
Question No. 2 AYes.@  The effect of the proper
instruction would be that the jury would not be allowed to answer the
negligence and proximate cause issue unless it found that ADM exercised control
over the manner in which the decedent performed his work as set out in the
instruction accompanying Question No. 2. 
The jury was apparently still in the courtroom at the time, and the
trial court told them to Aretire to the jury room at this time. 
You are not excused as Jurors.@  

After a
discussion regarding the trial court=s intent to ask the jury to deliberate again, the trial court prepared
a corrected charge, properly conditioned. 
ADM objected to the trial court=s actions in submitting the corrected charge to the jury, and it also
asked the trial court to enter a judgment based upon the first verdict.  The trial court did not grant the relief
requested by ADM, but it made the following statement into the record:

It is my recollection, as this developed, that after the
Jury verdict was read, I asked if there was a Motion for the verdict to be
received, Defense counsel made that Motion, and the Court had not ruled upon
that Motion and was giving the Jury final instructions.  It is my finding at this time the verdict
had not been received.  I was in the
process of receiving it, if that is a possibility, and had not.  Inasmuch as I have not received the verdict,
the Jury was not finally discharged; therefore, I am going to allow them to
have the corrected Charge of the Court, correcting language as previously
noted, and have them to resume their deliberations on the Charge as a whole.  I believe the Jury is entitled to the Charge
as a whole to be correct and will be given that Charge as a whole and I will,
unless there is objection, point out the correction to the conditional language
to question number 3 and then ask the Jury to deliberate, given the corrected
conditional language to question number 3.

 








After it
had made the statement into the record, the trial court explained to the jury
that it was the trial court=s fault that there was an error in the instructions which it had given
to the jury and that the jury would have to return to the jury room to
deliberate upon the second jury charge. 
After considering the new charge, rather than answering Question No. 2 ANo,@ as the 11 jurors had done in response to the first charge, the same 11
jurors changed their answer to Question No. 2 from ANo@ to AYes@ and, in accordance with the corrected condition to Question No. 3,
again found that the negligence of the decedent and ADM, attributed 50 percent
to each, proximately caused damages to appellees in the amount of $300,000
each.  This time, the jury was polled,
and the trial court plainly accepted the second verdict.  At the time that it accepted the second
verdict, the trial court told the jury that it was Anow discharged as the Jury in this case.@  The
trial court again thanked the jury for their service and told them:  AYou are now excused with our thanks.@ 

On January
23, 2001, the trial court entered a judgment for appellees in accordance with
the second verdict.  ADM filed a notice
of appeal from that judgment subject to the judgment becoming final and
appealable.  Because that judgment did
not dispose of all of the parties, it became necessary for the trial court to
enter a subsequent judgment upon the second jury verdict which did dispose of
all the parties.  The second judgment
was signed on March 29, 2001, and incorporated the first judgment as well as the
orders of dismissal as to parties other than appellees.  ADM amended its notice of appeal to refer to
the second judgment, and it is from the entry of this judgment that ADM brings
its appeal. 

First, in AReply Issue 5,@ appellees re-urge their argument that this court does not have
jurisdiction of this appeal.  Consistent
with our earlier ruling upon the issue, we disagree.

There can
be only one final judgment.  Lehmann v.
Har-Con Corporation, 39 S.W.3d 191 (Tex.2001). 
A judgment is final and appealable when it disposes of all parties and
claims.  Lehmann v. Har-Con Corporation,
supra.  A judgment rendered after a
conventional trial on the merits that is not intrinsically interlocutory in
nature, where no order for severance has been entered, will be presumed to
dispose of all parties and all issues. 
North East Independent School District v. Aldridge, 400 S.W.2d 893
(Tex.1966).

It is
clear from the record that not all issues as to all parties were resolved when
the first judgment was entered on January 23, 2001.  No disposition, by judgment or nonsuit, had been made as to the
claims of the decedent=s
daughters or his former spouse, and they remained named parties to the
lawsuit.  There had been no formal
disposition of their claims, and the judgment was intrinsically interlocutory.








The
judgment filed on March 29, 2001, is the final judgment in this case.  ADM=s notice of appeal, filed on April 3, 2001, was timely filed; and this
court has jurisdiction of this appeal. 
Appellees= AReply Issue 5@ is
overruled.

ADM brings
four issues on appeal.  Our resolution
of ADM=s second issue on appeal is dispositive of
this case, and we will not address the remaining issues.

In its
second issue on appeal, ADM claims, in part, that the trial court erred when it
re-submitted the case to the jury after the jury had already returned its
verdict.  

As a
preliminary matter, it is important to note that this case does not involve a
defective verdict.  TEX.R.CIV.P. 295,
governing the correction of verdicts, provides as follows:

If the
purported verdict is defective, the court may direct it to be reformed.  If it is incomplete, or not responsive to
the questions contained in the court=s charge, or the answers to the questions are in conflict, the court shall
in writing instruct the jury in open court of the nature of the incompleteness,
unresponsiveness, or conflict, provide the jury such additional instructions as
may be proper, and retire the jury for further deliberations.

 

By its own
terms, Rule 295 applies only to defective verdicts, not defective charges.  Before Rule 295 would authorize further
instruction to the jury, the verdict must be incomplete, non-responsive to the
questions contained in the court=s charge, or contain answers which are in conflict.  The first verdict returned in this case was
none of the above.  The verdict was
complete, responsive, and did not contain answers which were in conflict.  Rule 295 would not provide authority for the
trial court=s actions in reassembling the jury.  The jury answered the questions which it was
instructed to answer.  








We hold
that the language of the trial court, as quoted above, effectively released and
discharged the jury.  We also hold that,
when the trial court responded AOkay@ to ADM=s motion to receive the verdict, taken in the context of the immediate
instruction to the jury from the trial court, as we have quoted above,
regarding their release, which terminated with the words Aand you are excused@ constituted a discharge of the jury.  Further, we find it significant that, before
the jury began its second round of deliberations, it had been released from the
Avery strict rules@ about their conduct.  We are not examining potential error in a
case involving a defective verdict or in a case involving an erroneous jury
charge to which no timely objection was made. 
Rather, this case involves the propriety of ordering that a jury enter
into deliberations upon a subsequently-corrected jury charge after that jury
has already returned a complete verdict upon the first charge submitted. When a
jury has returned a verdict which is not defective and that verdict is received
and the jury discharged, it is not permissible to order the jury to deliberate
further.  See Salinas v. Stillman, 25
Tex.12 (1860); Branham v. Brown, 925 S.W.2d 365 (Tex.App. B Houston [1st Dist.] 1996, no writ);
Hughes-Buie Co. v. Vasquez, 202 S.W. 525 (Tex.Civ.App. B El Paso 1918, no writ); Denison & P.S.
Ry. Co. v. Giersa, 50 S.W. 1039 (Tex.Civ.App. 1899, no writ).

We are aware
of those cases which provide authority for a trial court to order a jury to
continue to deliberate when it is discovered that the verdict is
incomplete.  However, those cases deal
with defective or incomplete verdicts and not situations where complete
verdicts have been returned, accepted, and the jury discharged.  See, e.g., Elbar, Inc. v. Claussen, 774
S.W.2d 45 (Tex.App. B
Dallas 1989, writ dism=d);
McCauley v. Charter Oak Fire Insurance Company, 660 S.W.2d 863 (Tex.App. B Tyler 1983, writ ref=d n.r.e.); El Paso Electric Co. v. De Garcia,
10 S.W.2d 426 (Tex.Civ.App. B El Paso 1928, no writ); Sigal v. Miller, 25 S.W. 1012 (Tex.Civ.App.
1894, no writ).

We hold
that it was error for the trial court to reassemble the jury to deliberate upon
the corrected jury charge and for the trial court to issue its judgment based
upon that verdict.  








Moreover,
as ADM argues, there was no reason to re-submit the charge to the jury.  Any error in the condition to Question No. 3
in the first charge was immaterial because, in the immediately preceding
question, the jury had already answered that ADM did not exercise control over
the manner in which the decedent performed the work.  The decedent was an employee of ADM=s independent contractor.  As
such, it was incumbent upon appellees to prove that ADM exercised or retained
some control over the manner in which the decedent performed his work.  If there is no control, there is no
liability.  TEX. CIV. PRAC. & REM.
CODE ANN. ' 95.003(1) (Vernon 1997).  It is ADM=s position that, because there is no liability, as initially found by
the jury, any conditions and issues following the jury=s answer to Question No. 2 are immaterial,
and the verdict is complete in all of its material respects.  In the absence of liability, the questions
of negligence, proximate cause, and damages become immaterial.  See City of Brownsville v. Alvarado, 897
S.W.2d 750 (Tex.1995); Bay Petroleum Corporation v. Crumpler, 372 S.W.2d 318
(Tex.1963).  The jury found that ADM did
not exercise control over the manner in which the decedent performed his work
upon ADM=s premises, and the trial court erred when it
entered a judgment in favor of appellees upon the second verdict.  

Having
found error, we must now determine the appropriate relief.   This case is unique in that normally an
appellate court is presented with a situation where appellant was the plaintiff
below and is complaining of an incorrect instruction or condition to which an
objection has been made and erroneously overruled.  In those cases, appellants seek to have the cause remanded for a
new trial.  The cases are numerous which
stand for the proposition that a remand is the appropriate relief for such
error.  See, e.g., Spencer v. Eagle Star
Insurance Company of America, 876 S.W.2d 154 (Tex.1994).  The cases are also numerous which stand for
the proposition that a plaintiff who fails to object to an erroneous
instruction or condition waives any right to complain on appeal.  See, e.g., Little Rock Furniture Mfg. Co. v.
Dunn, 222 S.W.2d 985, 990 (Tex.1949). 
Here, we are presented with the situation where a condition in the
charge was error but was not objected to. 
Moreover, the erroneous condition was such that it did not prevent the
jury from answering subsequent questions establishing negligence, proximate
cause, and damages.  To the contrary, in
the face of a finding of no liability, the erroneous condition directed the
jury to answer those questions.  








ADM has
asked us to reverse and render judgment upon the first jury verdict that
appellees take nothing by their suit. 
However, we must recognize that a litigant in a jury trial has every
right to a trial in which the jury has been instructed correctly upon the law
and the issues.  See Harris County v.
Smith, 46 Tex. Sup. Ct. J. 263, 2002 WL 31833884 (Dec. 19, 2002).  From the statement of the trial court
regarding fault in the preparation of the charge as well as the trial court=s later statement regarding the receipt of
the first verdict and the discharge of the jury, it is apparent that the trial
court was attempting to provide the trial to which Harris County
refers.   We are aware that in Harris
County a proper objection was made to the charge, but we find that the
overall principle of justice conveyed in Harris County should be applied
here.  We find this case to present
unusual circumstances.  We believe that
in situations such as this TEX.R.APP.P. 43.3(b) allows this court to order a
remand in the interest of justice. 
Appellate courts have broad discretion to remand a case for a new trial
in the interest of justice.  Scott v.
Liebman, 404 S.W.2d 288, 294 (Tex.1966); U.S. Restaurant Properties Operating
L.P. v. Motel Enterprises, Inc., 25 S.W.3d 293 (Tex.App. B Beaumont 2000, pet=n den=d).  We find this to be an appropriate
case in which to exercise that discretion. 
ADM=s second issue on appeal is sustained insofar
as it concerns jury re-deliberations. 
We need not discuss ADM=s remaining issues on appeal.

The
judgment of the trial court is reversed, and this cause is remanded for a new
trial.

 

JIM
R. WRIGHT

JUSTICE

 

June 12, 2003

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.